

# NUMBER 13-23-00324-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARANSAS COUNTY,                                                    Appellant,

v.

NORTHSTAR RECOVERY
SERVICES, INC.,                                                    Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant Aransas County appeals the trial court's denial of its plea to the

jurisdiction as to appellee NorthStar Recovery Services Inc.'s (NorthStar) claims against

it. By two issues, Aransas County argues the trial court erred by denying its plea because

(1) NorthStar did not plead facts sufficient to establish subject matter jurisdiction, and

(2) NorthStar's evidence does not demonstrate that the trial court possesses jurisdiction. We affirm.

## I.  BACKGROUND

### A.  The Petition

This case arises out of events that followed Hurricane Harvey's landfall and resulting destruction along the Coastal Bend. According to NorthStar's original petition,[1] it entered into a master services agreement with Regional Pool Alliance (RPA), ultimately leading to a scope of work for services to be performed on government buildings impacted by Hurricane Harvey for Aransas County Independent School District, Taft Independent School District, Ingleside Independent School District, and Aransas County. The petition alleged that RPA failed to pay NorthStar $21,237,022.62 on construction remediation work performed.

NorthStar alleges that RPA acted as an agent on behalf of Aransas County, establishing vicarious liability and subjecting Aransas County to liability for RPA's failure to pay. According to NorthStar, RPA received its authority to contract with NorthStar from Aransas County and the obligations agreed to by RPA were within the scope of authority granted to it by Aransas County. NorthStar sought actual damages, attorneys' fees, court costs, and pre and post judgment interest.

---

[1] Following the trial court's denial of Aransas County's plea to the jurisdiction, the trial court signed an order consolidating two cases filed by NorthStar: one against Aransas County and Aransas County Independent School District and one against HR&R, LLC, formerly known as HR&R Risk Management Group, LLC doing business as the Regional Pool Alliance Service Center (RPA). As such, there are two petitions in the record: one for each suit. Any reference to a petition in this case refers specifically to the petition filed against Aransas County and Aransas County Independent School District. Aransas County Independent School District is not a party to this appeal.

**B.    The Plea to the Jurisdiction**

Aransas County filed a plea to the jurisdiction, arguing that NorthStar's petition failed to affirmatively demonstrate that the trial court had subject matter jurisdiction. Specifically, Aransas County argued that various statutes waiving immunity for contract claims against local governmental entities did not apply to counties. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 271.151(3) ("'Local governmental entity' means a political subdivision of this state, *other than a county* . . . .") (emphasis added). In a supplemental filing, Aransas County argued that its immunity was not waived because it was not a party to a contract with NorthStar and reiterated its previous arguments.

**C.    The Response**

NorthStar responded to Aransas County's plea to the jurisdiction, arguing that it did not file suit pursuant to the statutes cited by Aransas County but instead under § 262.007, which waives immunity for contract claims against a county when the county is a party to the contract. *See id.* § 262.007(a) ("A county that is a party to a written contract for engineering, architectural, or construction services or for goods related to engineering, architectural, or construction services may sue or be sued, plead or be impleaded, or defend or be defended on a claim arising under the contract."). NorthStar also argued that, through § 262.001, Aransas County was a party to the contract through agency. *See id.* § 262.001(a)(1) ("The commissioners['] court of a county may appoint an agent to make a contract on behalf of the county for erecting or repairing a county building."); *id.* § 262.001(b) ("A contract or other act of an agent appointed under this section that is properly executed on behalf of the county and is within the agent's authority

3

binds the county to the contract for all purposes.").

NorthStar included eight exhibits with its response, which included: (1) NorthStar's master services agreement with RPA; (2) NorthStar's scope of work agreement for Aransas County Properties with RPA; (3) Aransas County's Commissioners' Court July 16, 2016 workshop meeting minutes; (4) Aransas County's Commissioners' Court May 23, 2022 amended meeting agenda, (5) a September 21, 2022 letter from Aransas County Attorney to its insurers, seeking cooperation for finalizing repairs relating to damage caused by Hurricane Harvey; (6) a September 30, 2022 letter from attorneys representing Aransas County's insurers denying fault in any construction delays; (7) a concurrent resolution from the Texas Legislature granting Aransas County permission to file suit against RPA for its failure to pay contractors; and (8) a copy of Aransas County's petition against RPA and its director. NorthStar argued that this evidence supported its claim that Aransas County authorized RPA to act as its agent.

## D.    The Ruling

After a hearing, the trial court denied Aransas County's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

"Local governmental entities 'enjoy governmental immunity from suit, unless immunity is expressly waived.'" *Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 836 (Tex. 2010)). "Governmental immunity includes both immunity from liability, 'which bars enforcement of a judgment against a

governmental entity, and immunity from suit, which bars suit against the entity altogether.'" *Id.* If a local governmental entity enjoys governmental immunity, the trial court does not have subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

A plea to the jurisdiction is a dilatory plea used "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Miranda*, 133 S.W.3d at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* We will liberally construe the pleadings and look to the pleader's intent. *Id.* The plaintiff carries the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

"In responding to a jurisdictional plea, 'the plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity.'" *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 97 (Tex. 2023) (quoting *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022)). "To avoid dismissal, a plaintiff must establish that jurisdiction exists as a matter of law or raise a fact issue that overcomes the jurisdictional challenge that is intertwined with the merits." *Id.* When the governmental entity challenges the trial court's subject matter jurisdiction based on a failure to demonstrate a waiver of governmental immunity in the pleadings, we review the matter de novo. *Id.* "When either party adduces evidence in connection with a jurisdictional plea, the trial court should consider that

5

evidence in addition to challenges to the pleadings in confirming its jurisdiction." *Id.*

In order to waive immunity, a plaintiff may not merely reference a statute's elements, but must actually allege a violation of the statute by pleading facts that state a claim thereunder. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). "If the pleading does not contain sufficient facts to demonstrate the court's jurisdiction but also does not affirmatively demonstrate incurable defects, the plaintiffs are given an opportunity to amend." *Id.* at 393. On the other hand, if the pleadings affirmatively negate jurisdiction, the plea should be granted without the opportunity to amend. *Id.*

It is up to the legislature to waive immunity for local governmental entities, and it must do so by "clear and unambiguous language." *Church & Akin*, 442 S.W.3d at 301 (citing TEX. GOV'T CODE ANN § 311.034). The legislature has created one such waiver for certain contract claims against a county:

> A county that is a party to a written contract for engineering, architectural, or construction services or for goods related to engineering, architectural, or construction services may sue or be sued, plead or be impleaded, or defend or be defended on a claim arising under the contract. A suit on the contract brought by a county shall be brought in the name of the county. A suit on the contract brought against a county shall identify the county by name and must be brought in a state court in that county.

TEX. LOC. GOV'T CODE ANN. § 262.007(a). Moreover, the local government code provides the commissioners' court of a county with authority to appoint an agent to enter into contracts to erect or repair country buildings on the county's behalf. *Id.* § 262.001(a). "A contract or other act of an agent appointed under this section that is properly executed on behalf of the county and is within the agent's authority binds the county to the contract for all purposes." *Id.* § 262.001(b).

6

## III. ANALYSIS

### A. NorthStar's Pleadings

By its first issue, Aransas County argues that NorthStar failed to plead facts that would support a waiver of immunity. Specifically, Aransas County, for the first time on appeal, complains that

> NorthStar's pleading identifies *no facts* to support the conclusion that RPA was the County's agent. . . . NorthStar does not identify the instrument that created the alleged agent-principal relationship. Nor does it identify the scope of the agency or the date when the agency was created. NorthStar's allegations begin and end with the bare and conclusory allegation that "RPA and ARANSAS COUNTY had a principal-agent relationship."

Matters of subject matter jurisdiction, including those that would normally be included in a governmental unit's plea to the jurisdiction, may be considered for the first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012). However, if the plaintiff has not had a fair opportunity to address complaints or amend its petition, we "must construe the pleadings in favor of the party asserting jurisdiction, and, if necessary, review the record for evidence supporting jurisdiction." *Id.*

In its original petition, NorthStar alleged that it entered into a contract with RPA, who acted as Aransas County's agent, to restore Aransas County facilities following damage from Hurricane Harvey. NorthStar attached to its petition a copy of the master services agreement and the scope of work agreement. *See* TEX. LOC. GOV'T CODE ANN. § 262.001. NorthStar alleged that it performed restoration services on Aransas County's properties pursuant to the contract and that RPA breached the contract by failing to pay, making Aransas County liable as the principal. *See id.* §§ 262.001, 262.007(a). Additionally, NorthStar's request for damages is limited to those allowed by law. *See id.*

7

§ 262.007(b) (limiting damages to the amount due and owed under the contract, reasonable and necessary attorney's fees, and interest as allowed by law). Rather than merely reference a statute's elements, NorthStar pleaded facts that would support a waiver of immunity. *See Dohlen*, 643 S.W.3d at 392–93. We disagree with Aransas County that NorthStar was required to identify an instrument appointing RPA as Aransas County's agent or identify the scope of the agency. *See id.* at 392–93. Accordingly, Aransas County's first issue is overruled.

**B.     NorthStar's Evidence**

By its second issue, Aransas County argues that the evidence attached fails to raise a genuine issue of material fact—that is, whether RPA acted as Aransas County's agent. Aransas County elaborates on its argument by noting that NorthStar did not produce any evidence demonstrating that the commissioners' court appointed RPA as its agent through an official act. We note, however, that Aransas County is making this argument for the first time on appeal; Aransas County did not challenge the alleged agency relationship through an evidentiary plea to the jurisdiction or a no-evidence motion for summary judgment. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (permitting a challenge to the trial court's jurisdiction through a no-evidence motion for summary judgment); *Miranda*, 133 S.W.3d at 227–28 (permitting a plea to the jurisdiction to challenge jurisdiction facts with supporting evidence).

Because Aransas County raises this issue for the first time on appeal, NorthStar has not had a fair opportunity to fully develop the record. *See Rusk State Hosp.*, 392 S.W.3d at 96. Accordingly, we first review the evidence in conjunction with the pleadings

to determine whether jurisdiction has been affirmatively negated. *See id.* "[I]f the pleadings and record neither demonstrate jurisdiction nor conclusively negate it," Aransas County must show that NorthStar "would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded." *Id.*

Having reviewed the evidence provided by NorthStar, we cannot say it affirmatively negates jurisdiction. *See id.* Although the evidence may not necessarily be sufficient to show that the Aransas County Commissioners' Court formally voted to appoint RPA as its agent, as Aransas County argues is necessary, it does not conclusively disprove that such an action occurred or that the commissioners' court did not otherwise appoint RPA as its agent.[2] *See id.* Aransas County claims that the commissioners' court "has never voted to join RPA," and invites this Court to review past minutes of the commissioners' court and take judicial notice of the result. However, we decline to comb through years of meeting minutes in order to search for an action that creates a fact question regarding whether the commissioners' court appointed RPA as its agent.

Because NorthStar's pleadings and evidence do not affirmatively negate the trial court's jurisdiction and Aransas County has failed to demonstrate that NorthStar would be unable to show the existence of jurisdiction on remand, we overrule Aransas County's second issue.

---

[2] This opinion should not be construed as setting out what must be done in order to appoint an agent pursuant to § 262.001(a) of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 262.001(a). Such a question is not presently before this Court and addressing the issue would constitute an advisory opinion. *See Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 338 (Tex. 2017).

## IV.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
29th day of February, 2024.